Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

### Civil Division

|  |  |  |
|---|---|---|
| **XIAMIN ZENG** | ) | Case No.    17-CV-9988(CM) |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) | Jury Trial: *(check one)*   ☒ Yes   ☐ No |
| **-v-** | ) ) | |
| **DANA AUGUSTIN** **PAULA PATCH** **KRISTEN HARTMAN** | ) ) ) ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 1|16|18

*AMENDED*

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | XIAMIN ZENG |
| Street Address | 110 Columbia St, Apt.1A |
| City and County | New York |
| State and Zip Code | NY 10002 |
| Telephone Number | 646-578-1388 |
| E-mail Address | miaco602@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | DANA AUGUSTIN |
| Job or Title *(if known)* | Child Protective Specialist |
| Street Address | 150 William Street |
| City and County | New York |
| State and Zip Code | NY 10038 |
| Telephone Number | 212-341-0900 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | PAULA PATCH |
| Job or Title *(if known)* | Child Protective Specialist |
| Street Address | 150 William Street |
| City and County | New York |
| State and Zip Code | NY 10038 |
| Telephone Number | 212-341-0900 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | KRISTEN HATMAN |
| Job or Title *(if known)* | Social Worker |
| Street Address | 291 Broadway, Suite 808 |
| City and County | New York |
| State and Zip Code | NY 10007 |
| Telephone Number | 212-267-2670 |
| E-mail Address *(if known)* | khartman@cfs-nyc.com |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal question               ☐ Diversity of citizenship


Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C.§ 1983, 1985, 1986



### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

     b.     If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under
the laws of the State of *(name)* _____ , and has its
principal place of business in the State of *(name)* _____ .
Or is incorporated under the laws of *(foreign nation)* _____ ,
and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

1. Enter a judgment declaring that Defendants' conduct violates 42 U.S.C.§ 1983, 1985, 1986;
2. Enter a judgment declaring that Defendant's conduct constitutes intentional infliction of emotional distress;
3. Adward Plaintiff compensatory damages according to proof at trial;
4. Award Plaintiff punitive damage pursuant to 42 U.S.C.§ 1985,1986 and the common law, due to Defendants' willful and wanton behavior;
5. Award Plaintiff reasonable costs and disbursements in this civil action; and
6. Enter such other and further relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court determines to be and just and proper

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    1/16/18

Signature of Plaintiff

Printed Name of Plaintiff    XIAMIN ZENG

### B.    For Attorneys

Date of signing:    

Signature of Attorney    
Printed Name of Attorney    
Bar Number    
Name of Law Firm    
Street Address    
State and Zip Code    
Telephone Number    
E-mail Address

1. On December 23, 2016, Plaintiff's ex-partner Gang Liu ("Liu") was visiting their son L.L, under supervised visitation at Comprehensive Family Services ("CFS"), 291 Broadway #808, New York, NY.

2. Plaintiff and Liu have a strenuous relationship. In or around August 2013, due to a history of abuse at hands of her partner Mr. Liu, Plaintiff has sought and received several Criminal Orders of Protection to limit contact with Liu. The final Criminal Order of Protection expired on or about November 8, 2016.

3. Upon information and belief, both the Administration for Children's Services ("ACS") and CFS were aware of these orders and the history between Plaintiff and Liu.

4. During this visitation, the social worker, Kristen Hartman, left the room, leaving Plaintiff's son with Mr. Liu.

5. After 20 minutes, Plaintiff's son was brought out of the room crying and vomiting.

6. Plaintiff called 911 and took her son to the emergency room.

7. The police arrived, took a report, and executed a temporary order of protection. A true and accurate copy of the Police Report is annexed hereto as **Exhibit A**. A true and accurate copy of the Temporary Order of Protection is annexed hereto as **Exhibit B**.

8. On or about December 23, 2016 and again on December 27, 2016 Plaintiff called the NYS Child Abuse Hotline in order to report the incident regarding the visitation. At this time, Plaintiff also reported abuse by Liu to his ex-wife Yinghua Guo and their daughter. In or around 2010 Liu lost all custody and

visitation of his daughter from that prior marriage.  A true and accurate copy of

complaints by Yinghua Guo against Gang Liu are annexed hereto as **Exhibit C**.

9. ACS representatives didn't come to the hospital to check on Plaintiff's son.

10. On December 27, 2016, ACS workers arrived and Plaintiff's home.  ACS

workers questioned Plaintiff about why she called the NYS Child Abuse

Hotline.

11. ACS workers did not bring an interpreter with them.  At this point Plaintiff first

requests an interpreter.

12. Later that same day, on December 27, 2016, Paula Patch ("Patch"), a child

protective specialist from ACS arrived at Plaintiff's home.  Patch requested

Plaintiff to provide the original emergency room report so that the December

23rd abuse incident could be properly investigated.  Patch also informed Plaintiff

that she would return with both the report and an interpreter two days later to

fully investigate the case.

13. A few days later, Liu told her that he cc'd the letter to ACS and told her that

ACS would get revenge on her.

14. Ms. Patch and Ms. Augustin threatened to call the police on her and call her

attorney to stop represent her child support case if she continued to pursue the

Dec.23rd issue.  A true and accurate copy of the Child Support Enforcement

Account Statement as of November 7, 2017 is annexed hereto as **Exhibit D**.

15. On or about January 21, 2017, Plaintiff again filed a police report against Mr.

Liu for (1) wrongfully accessing Plaintiff's private emails and (2) for violating

the January 3, 2017 Temporary Order of Protection.  A true and accurate copy

of the January 21 Police Report is annexed hereto as **Exhibit E.**

16. At that time I was informed by the police that they would arrest Liu for his

actions.  The police, however, did not do so.  Upon information and belief, ACS

interfered with this investigation and instructed the police not to arrest Mr. Liu

for his actions.

17. On Feb 16, 2017 CFS sent a report, authored by Kristen Hartman, regarding the

December 23 incident to the court (the "CFS Report").  Based upon my own

observations, the report was incorrect.  A true and accurate copy of the CFS

Report is annexed hereto as **Exhibit F.**

18. In or around June 2017, Plaintiff received a report from the Office of Child

Support Enforcement ("OCSE") dismissing the investigation of the alleged

abuse by Liu against his ex-wife & daughter .

19. In September 2017, Plaintiff received a report from the Office of Child Support

Enforcement dismissing the investigation of the December 23 incident.

20. On May 3, 2017, the court overseeing Plaintiff's custody dispute with Mr. Liu

ordered (the son) to arrive at the court on May 4, 2017 for visitation purposes.

21. Plaintiff brought her son to the court and her son, and Mr. Liu were placed alone

in a small room together, albeit with an observation window.

22. After a short time, Mr. Liu began to abuse their son and punching him in the

head.  The Son's attorney intervened and removed the son from the room.

23. An ACS representative was present but did not attempt to stop the abuse; only

suggested that father (Liu) take some courses.

24. On June 8th 2017 Order of the Court:  Plaintiff to produce child for scheduled visits at CFS three times per month.  Further, Mother, Zeng, and maternal grandmother leave the building for duration of the visits. A true and accurate copy of the Order is annexed hereto as **Exhibit G**.

25. Judge ordered Liu to take a father's class, but still gave him the supervised visitation.

26. On September 7, 2017, an ACS representative, Dana Augustin, visits Plaintiff's home unannounced around 10 P.M.  Ms. Augustin threatened her, requesting the emergency room report regarding the December 23 incident and some information about (her son) so she could investigate the matter.

27. Ms. Augustin also requested authorization to talk to the doctor about her son, but Plaintiff declined.  Plaintiff did not trust Ms. Augustin and was having difficulties understanding her because an interpreter was, despite requests, not provided.

28. After Plaintiff declined to provide the authorization, Ms. Augustin threatened Plaintiff that she would write a bad report to the judge concerning the December 23 incident.

Exhibit A



| | | | Crime/Condition | Command |
|---|---|---|---|---|
| | | | | PRECINCT |
| | | | | Date of This Report |
| | | | | 12/26/2016 |

| Date of UF61 | Complaint No. | Date Case Assigned | Case No. | Unit Reporting | Follow-Up No. |
|---|---|---|---|---|---|
| 12/23/2016 | | 12/20/2016 | 2016 - 980 | DOMESTIC VIOLENCE UNIT | 4 |

| Topic/Subject | Activity Date | Activity Time |
|---|---|---|
| (DIR 2nd Page Translation) DIR 2ND PAGE TRANSLATION | 12/26/2016 | 12:03 |

**Details**

**Summary of Investigation:**

On Dec 23, 2016 At 1700 hours, I brought my kid to Social Worker's Office gave him to his father (Liu, Gang), I saw my son's father forced to grab him. I heard my son crying and saw him threw up, scared, and pass out. After the Social Worker bring him out, I saw my son's life very danger. The I called 911 for Emergency.

12/26/2016 @ 1145hrs - China Town Project Linda Chow

**ATTACHMENT**

| No | Attachment | Description |
|---|---|---|
| 1 | Scanned Page 2 Translation | Scanned Page 2 Translation |

| Reporting Officer: | Rank | Name | Tax Reg. No. | Command |
|---|---|---|---|---|
| | POM | DORIAN FAULK | 948953 | 001-1ST PRECINCT |

| Reviewing Supervisor: | Manner of Closing | Date Reviewed | Date of Next Review | Name | Supv. Tax No. |
|---|---|---|---|---|---|
| | | 12/2?/2016 | | GREGORY ENGEL | 926254 |

Exhibit B

F.C.A §§ 430, 550, 655, 828, 1029                                                GF5 12/2013

ORI No:      NY030023J
Order No:    2017-000045
NYSID No:    _____

At a term of the Family Court of the State of New York,
held in and for the County of New York, at 60 Lafayette Street, New
York, NY 10013, on January 03, 2017

PRESENT: Tamara Schwartz, Court Attorney Referee

In the Matter of a FAMILY OFFENSE Proceeding

Xiamin Zeng (DOB: 09/09/1981),
                    Petitioner

            - against -

Gang Liu (DOB: 01/30/1961),
                    Respondent

File #      217998                *File #23274*
Docket #    O-00109-17            *0-006-17*

Temporary Order of Protection

Ex Parte

**NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND
CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR
CRIMINAL CONTEMPT, AND/OR MAY SUBJECT YOU TO FAMILY COURT PROSECUTION AND
INCARCERATION FOR UP TO SIX MONTHS FOR CONTEMPT OF COURT. IF YOU FAIL TO APPEAR IN COURT
WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN
CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.**

**THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR
CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS
ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE
PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS
ORDER.**

A petition under Article 8 of the Family Court Act, having been filed on January 03, 2017 in this Court and good cause having been
shown, and Gang Liu having been not present in Court.

    **NOW, THEREFORE, IT IS HEREBY ORDERED** that Gang Liu (DOB:01/30/1961) observe the following conditions of
behavior:

[01] Stay away from:

[A] ▬▬▬▬ *L.L.* (DOB: 05/09/2012) and Xiamin Zeng (DOB: 09/09/1981) EXCEPT FOR COURT ORDERED
    VISITATION;

[02] Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal
    obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible
    touching, intimidation, threats, identity theft, grand larceny, coercion or any criminal offense against Xiamin Zeng (DOB:
    09/09/1981);

[99] Observe such other conditions as are necessary to further the purposes of protection: NOT TO INTERFERE WITH THE
    CARE AND CUSTODY ▬▬▬▬▬▬ (DOB: 05/09/2012); *L.L.*

GF-5 Page 2
O-00109-17
2017-000045

**It is further ordered** that this temporary order of protection shall remain in force until and including February 17, 2017, but if you fail to appear in court on this date, the order may be extended and continue in effect until a new date set by the Court.

Dated:    January 03, 2017

ENTER

_Tamara Schwartz_

**Tamara Schwartz, Court Attorney Referee**

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

   **The Family Court Act** provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties authorizes, and sometimes requires such officer to arrest a person who is alleged to have violated its terms and to bring him or her before the court to face penalties authorized by law.

   **Federal law requires** that this order is effective outside, as well as inside, New York State. It must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person restrained by the order is an intimate partner of the protected party and has or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect due process rights (18 U.S.C §§ 2265, 2266).

   **It is a federal crime to:**
 • cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
 • buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty) ; and
 • buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired (18 U.S.C. §§ 922(g)(8), 922(g)(9), 2261, 2261A, 2262).

Check Applicable Box(es):

[ ]  Party against whom order was issued was advised in Court of issuance and contents of Order

[ ]  Order personally served in Court upon party against whom order was issued

[x]  Service directed by other means: Other

[ ]  [Modifications or extensions only]: Order mailed on [specify date and to whom mailed]:

[ ]  Warrant issued for party against whom order was issued[specify date]: _____

[ ]  ADDITIONAL SERVICE INFORMATION [specify]: _____

Exhibit C

F.C.A.§§ 812, 818, 821                                                            8-2 09/2009

# FAMILY COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

In the Matter of a **Family Offense** Proceeding      **File #:**     103348

                                          **Docket #:**   O-16372-10

Yinghua Guo,

                          Petitioner.             **FAMILY OFFENSE**

     - against -                                        **PETITION**

Gang Liu,

                         Respondent.

TO THE FAMILY COURT:

     The undersigned Petitioner respectfully states that:

     I, Yinghua Guo reside at[1]

     The Respondent, Gang Liu resides at ***Address Confidential***.

     The Respondent and I are related in the following way: I am the spouse of the Respondent.

     The Respondent committed the following family offenses against me and/or my children which constitute assault in the second or third degree, harassment in the first or second degree, and menacing in the second or third degree.

     The most recent incident was on July 27, 2010 at 08:00P.M. at ...person to person...: Petr states, "On 7/25/10, Resp posted my Social Security number, name, employment history with harassing, defamatory, false charges on Washingtonpost.com. From June to July he has been posting multiple harassing, false articles online to jeopardize my privacy and safety. From 7/1/10 - 7/22/10, Resp verbally abused and threatened me. From 7/25/10 - 7/27/10, Resp stalked me around my apartment in Forest Hills. On 7/27/10, Resp stalked me and my child around Yellowstone and Queens Blvd. He threatened to physically and mentally harm me and kill me. On 11/6/09, when I asked him for help with my baby while he was in the study room, he yelled at me and got up, slapped me across my face, causing bruises, pain and swelling on my face and neck. He threatened that I'll die if I bother him. The police came and arrested him. In 9/09-10/09, Resp assaulted me with GPS and pushed and shook me in the car. From 9/09 - 3/10 Resp has sexually abused me."

     I have not filed a criminal complaint concerning these incidents.

---

[1]If your health or safety or that of your child or children would be put at risk by disclosure of your address or other identifying information, you may apply to the Court for an address confidentiality order by submitting General Form GF-21, which is available on-line at www.nycourts.gov . *See* Family Court Act § 154-b.

VERIFICATION

STATE OF NEW YORK)

                              :ss:

COUNTY OF QUEENS)

     Yinghua Guo being duly sworn, says that he/she is the Petitioner in the above-named
proceeding and that the foregoing petition is true to his/her own knowledge, except as to mat
stated to be alleged on information and belief and as to those matters he/she believes them to
true.

                                              _____
                                              Yinghua Guo, Petitioner

Sworn to before me on
July 29, 2010

_____
Chief Clerk or Designee
Notary Public

( ) TRC  (X) AMENDED TRO  ( ) N.J.S.A. 2C:25-28

(X) Superior Court, Chancery Division, Family Part, Somerset County
( ) Municipal Court of _____

Docket # FV-18-000216-11-_____    Police Case #_____

In the Matter of                                              *        Plaintiff's
Plaintiff (Victim):GUO, YINGHUA          * Sex F   Date of birth [_____]

* * * * * * * * * * * *
D Name: LIU, GANG
E AKA
F Home Address 1
E        PRINC
N Work Address M
D NY
A Other Marks, S
N Work Phone No.

The undersigned complains that said defendant did endanger plaintiff's life
health or well being (Give specific facts regarding acts, threats, abuse and the
date(s) and time(s) they occurred; Specify any weapon(s):

ON ____ AT ____ BY ____
07/27/2010 07:00 PM 8:30P DEF FOLLOWED PLA.
           08:30 PM DEF SENT A MESSENGER TO PLA HOME TO GIVE PLA A DOC
07/01/2010           7/16/10 DEF THREATENED TO KILL PLA WITH OR WITHOUT
           HIS HANDS OVER THE PHONE. DEFF POSTED PLA PERSONAL INFO
           INCLUDING SEN

which constitute(s) the following criminal offense(s) (Check all applicable boxes;
Law Enforcement Officer: Attach N.J.S.P. UCR DV1 offense report(s)):

( )Homicide           ( )Criminal Restraint    ( )Lewdness          (X)Harassment
( )Assault            ( )False Imprisonment    ( )Criminal Mischief ( )Stalking
(X)Terroristic Threats ( )Sexual Assault       ( )Burglary
( )Kidnapping         ( )Criminal Sexual Contact ( )Criminal Trespass

1. Any prior history of domestic violence reported or unreported? (If yes, explain):
   (X)YES ( )NO   6/10: DEF POSTED BLOGS AND PLA PERSONAL INFO W/O
   PLA PERMISSION. 11/6/09: DEF SLAPPED PLA IN FACE &
   THREATENED TO KILL PLA. 2009: DEF HIT PLA IN SHOUL

2. Does defendant have a criminal history? (If yes, attach CCH Summary)
   (X)YES ( )NO

3. Any prior/pending court proceedings involving parties? (If yes, enter Docket #,
   County, State) (X)YES ( )NO  FD-18-664-10,FV-18-209-11,FV-18-1070-10,FV-18-1067

4. Has a Criminal Complaint been filed in this matter? (If yes, enter Docket #,
   County, State) ( )YES (X)NO _____

5. If law enforcement officials responded to domestic violence call, were weapons
   seized? ( )YES (X)NO  (Describe)  Was defendant arrested? ( )YES (X)NO

6. (A) The plaintiff and defendant are 18 years old or older or emancipated AND are
   1. (X)married              ( )divorced, OR
   2. ( )present household members  ( )former household members; OR
   (B) The defendant is 18 years old or older or emancipated AND
   1. plaintiff and defendant are ( )unmarried ( )co-parents ( )expectant parents OR
   2. ( )plaintiff and defendant have had a dating relationship.

7. Where appropriate, list children (Include name/sex/d.o.b./with whom resides):
   ▬▬▬▬▬▬        F   12/11/08   GUO YINGHUA
   L.A.

8. The plaintiff and defendant: ( )presently (X)previously ( )never resided together
   (X)family relationship  WIFE & HUSBAND                          (Specify)

******************************CERTIFICATION******************************
I certify that the foregoing responses made by me are true. I am aware that if any
of the foregoing responses made by me are willfully false I am subject to punishment.

8/12/2010                                    [signature]
Date                                         Signature of plaintiff

Exhibit D

Ver. 07-17

# New York City Office of Child Support Enforcement
## Account Statement

| | | | |
|---|---|---|---|
| **Statement Date:** | 11/07/17 | **Review Period Begin Date:** | 04/12/16 |
| **Custodial Parent:** | Zeng,  Xiamin | **Review Period End Date:** | 11/07/17 |
| **Noncustodial Parent:** | Liu,  Gang | **NY Case Identifier:** | NY22750S1 |
| **Court Name:** | Family Court of the State of New York, New York County | **Hearing Part:** | 25 |
| **Unit Name:** | NYC HUMAN RESOURCES ADMINISTRATION,OU=THE CITY OF NEW YORK^THE CITY OF NEW YORK | **Hearing Date:** | 11/13/17 |
| **Docket Number:** | F-35118-16/17A | **TA Status:** | NON PA |
| | | **Prepared By:** | Franklin Jimenez |

## I. Support Obligation Information

### A) Current Support Ordered Since Order Made or Arrears Set

Date Last Order Issued                      06/01/17

| | From | To | Support Obligation | Per | Number of Support Obligations | | Amount Due |
|---|---|---|---|---|---|---|---|
| 1) | 06/15/17 | 10/15/17 | $2,295.00 | MONTH | 5 | = | $11,475.00 |

| | **Total Due** |
|---|---|
| **Total Current Support Ordered** | $11,475.00 |

### B) Support Arrears

| RETRO DUE (SET AT | $35,386.97 | ON/AS OF | 06/01/17 | ) | = | $35,386.97 |
|---|---|---|---|---|---|---|

| | |
|---|---|
| **Total Support Arrears** | $35,386.97 |

| | |
|---|---|
| **Grand Total Due (Before Deduction of Payments)** | $46,861.97 |

SEE PAGE 2 FOR PAYMENTS DURING THE REVIEW PERIOD
NEXT 3 PAYMENTS DUE ON
Wednesday,November 15,2017
Friday,December 15,2017
Monday,January 15,2018

Ver. 07-17

# New York City Office of Child Support Enforcement
## Account Statement

| | | | |
|---|---|---|---|
| Statement Date: | 11/07/17 | Review Period Begin Date: | 04/12/16 |
| Custodial Parent: | Zeng, Xiamin | Review Period End Date: | 11/07/17 |
| Noncustodial Parent: | Liu, Gang | NY Case Identifier: | NY22750S1 |
| Court Name: | Family Court of the State of New York, New York County | Hearing Part: | 25 |
| Unit Name: | NYC HUMAN RESOURCES ADMINISTRATION,OU=THE CITY OF NEW YORK^THE CITY OF NEW YORK | Hearing Date: | 11/13/17 |
| Docket Number: | F-35118-16/17A | TA Status: | NON PA |
| | | Prepared By: | Franklin Jimenez |

## II. Payments

### A) PAYMENTS MADE DURING THE REVIEW PERIOD

**Payments Made During Review Period**

| | |
|---|---|
| Payments | $850.00 |
| Adjustments | $0.00 |
| Other Adjustments | $0.00 |
| Other Adjustments to Petitioner | $0.00 |

| | |
|---|---|
| **Total** | $850.00 |

| | |
|---|---|
| **B) GROSS PAID** | $850.00 |
| **C) AMOUNT REFUNDED** | $0.00 |
| **D) NET PAID** | $850.00 |

## III. Amount Delinquent

| | |
|---|---|
| Grand Total Due | $46,861.97 |
| Net Paid | - $850.00 |
| Delinquent Amount | $46,011.97 |

| | |
|---|---|
| **Total Undisbursed** | $0.00 |

## IV. Remarks

EFFECTIVE JULY 24,2017 THROUGH THE PRESENT, THE NCP IS IN RECEIPT OF CASH ASSISTANCE

# Payment History

Ver. 07-17

| | |
|---|---|
| Statement Date: 11/07/17 | |
| Custodial Parent/Obligee:Zeng, Xiamin | |
| Noncustodial Parent/Obligor:Liu, Gang | |

| | |
|---|---|
| Review Period Begin Date: | 04/12/16 |
| Review Period End Date: | 11/07/17 |
| NY Case Identifier: | NY22750S1 |

**Payments Made During the Review Period**

## PAYMENT DESCRIPTION

| Date Credited | Amount |
|---|---|
| 06/12/2017 | $700.00 |
| 06/12/2017 | ($700.00) |
| 06/06/2017 | $300.00 |
| 01/06/2017 | $300.00 |
| 08/15/2016 | $150.00 |
| 05/20/2016 | $100.00 |

**Total** $850.00

**Total Payments** $850.00

Exhibit E

New York State
DOMESTIC INCIDENT REPORT

| | | |
|---|---|---|
| Age/DV | | |
| Reported Date (occurring) | Time (24 hours) | Occurred Date (occurring) | Time (24 hours) |

Officer Initials
ICAD (no.)   Radio Run   Walk-in
DI70126-2072

City, State, Zip

Address (street No., Street Name, Apt No.)

DOB   Age   Female   Male
5   Self-Identified

Suspect Phone Number   Language

Name (last, First Middle Maiden)

Address (no. Street Name, Stay No., Apt No.)

City, State, Zip

White   Black   Asian   Hispanic   Non-Hispanic   Unknown
American Indian   Other   Other, identified

suspect and victim live   Suspect/P2 present?   Was suspect injured?  Yes   No. If yes, describe
gether?   Yes   No   Yes   No

Possible drug or alcohol use?   Yes   No
Suspect supervised?   Probation   Parole
Not Supervised   Status Unknown

suspect (P2) Relationship to Victim (P1)   Married   Intimate Partner/Dating   Formerly Married   Former Intimate Partner   Other:
Parent of Victim (P1)   Child of Victim   Relative:

Do the suspect and victim have  a child in common?   Yes   No

otional condition of VICTIM?   Upset   Nervous   Crying   Angry   Other:

at were the first words that VICTIM said to the Responding Officers at the scene regarding the incident?

suspect make victim fearful?   Yes   No If yes, describe:

apon Used?   Yes   No Gun   Yes   No Other, describe

Suspect Threats?   Yes   No   If yes, threats to
Victim   Children   Self   Commit Suicide
Other, Describe:

ss to Guns?   Yes   No If yes, describe:

Strangulation?   Yes   No   Loss of Consciousness   Urination/Defecation
Red eyes/Petechia   Sore Throat   Breathing Changed   Difficulty Swallowing
Visible Marks?   Yes   No If yes, describe:

did the SUSPECT say (Before and After Arrest)

completed?   Yes   No

escribe the circumstances of this incident:

checked?   Yes   No   Order of Protection Registry checked?   Yes   No   Order of Protection in effect?   Yes   No   Refuse   Stay Away
Present (?)   Photos taken:   Victim Injury   Suspect Injury   Other Evidence:   Damaged Property   Weapon   Description of Statement(s)



le Spies Tried to Attack/Kill President Obama and Ban Ki-moon - Windows Internet Explorer
.on.blogspot.com/201701/chinese-spies-tried-to-attackkill.html
spot: Chinese Female Spies Tried ...

From: xianlin zeng <xianlin.zeng@gmail.com>
Date: Thu, Aug 29, 2013 at 6:06 PM
Subject: Re: Email Address
To: walkerjohn <walkejohn@gmail.com>

hi John,

Thanks for u care, it' s O.K. I will be stronger, yes I like it, when I do as intern for a year, I hope to get a full-time job in MTA.

However I had to meet on a year, I hope to find a part-time security job soon, then I will pay for my son and me.

I real don't like to live a long time in shelter, it's harmful for us

before. We were there paid by my mother and brother, but my child's father refused to leave, then we had to leave for safety.

I got your calling, but my phone call have no balance, I will refill soon.

Keep touch

On Thu, Aug 29, 2013 at 5:14 PM, walkerjohn <walkerjohn@gmail.com> wrote:

Hi Xianlin,
I am sorry to hear that you and your son dad broke-up. Things will get better for you (stay strong). Do you like your new
assignment? I am working now (one week) as a security guard with Honor Guard Security. I informed Ms. Elliott today and
I was looking for you. Keep in contact.

Sent from my T-Mobile 4G LTE Device

        Original message
From: xianlin zeng <xianlin.zeng@gmail.com>
Date: 08/29/2013 3:07 PM (GMT-05:00)
To: John Walker <walkerjohn@gmail.com>
Subject: Re: Email Address

Hi John,

Long time no see, I worked at MTA, for 21 hours on Mon, Tue, Wed,
I have to go to HRA today, I broke up with baby's dad, so I need move out for a shelter,

I will go back to school will tomorrow, and you ?

Have a good day!!

On Tue, Aug 13, 2013 at 1:22 AM, John Walker <walkerjohn@gmail.com> wrote:

Exhibit F



## Comprehensive Family Services
### Forensic & Therapeutic Services
*Richard Spitzer Director*

291 Broadway
Suite 808
New York, NY 10007

tel. 212.267.2670
fax. 212.267.2665
www.cfs-nyc.com

February 16, 2017

Honorable Elisa S. Koenderman

Queens County Supreme Court

330 Jay Street

Brooklyn, NY 11201

Re: Gang Liu v Xiamin Zeng

Docket # V-00286-13

V-00005-14

Child: Longman Liu (DOB: 5/9/12)

Justice Koenderman:

Pursuant to Court Order dated May 8, 2015, directing Comprehensive Family Services (CFS) to conduct an observation and evaluation of Mr. Liu, Ms. Zeng and their ~~son L.L.~~, and to observe three one hour interactions between Mr. Liu and ~~L.L.~~, the following update to Court report dated December 15, 2016 is being submitted.

A visit was scheduled for December 23, 2016, after confirmation of attendance from both parents and the Geneva Worldwide interpreter had been obtained. Both parents arrived on time for the visit. Ms. Zeng had brought her mother to the CFS office, despite both parents previously being asked not to have anyone accompany them to the CFS office. This request had been made because in the past additional parties accompanying the parents has created increased conflict and caused additional chaos during visits. Ms. Zeng's mother was noted trying to dictate the conversation when speaking with this writer and this writer had the interpreter request that she refrain from contributing as it was Ms. Zeng's contribution that was necessary in that moment. Ms. Zeng noted that her son was very nervous about the visit and while in the waiting room she reported that he had said he hadn't wanted to come. Both the mother and grandmother fussed over ~~L.L.~~ in the waiting area, apparently increasing his anxiety, which ultimately led to him making himself gag. ~~L.L.~~ was seen spitting up and Ms. Zeng made minimal efforts to assist in curtailing this behavior or soothe her son. This writer asked for both the mother and grandmother to provide the child with some space and ultimately the child agreed to enter the visiting room. ~~L.L.~~

1

entered the visiting space without issue but started again to make himself gag once in the room with his father. Mr. Liu tried to soothe his son, by putting him on his lap and rubbing his back but [REDACTED] continued to attempt to make himself vomit, requiring assistance from this writer. [REDACTED] spit up often and became red in the face from forcing himself to gag. Mr. Liu tried to remove his son's coat, as he appeared to be sweating, but this further excited him so he refrained from following through with this action. This writer, interpreting staff and Mr. Liu made efforts to show [REDACTED] the toys throughout the room as a way redirect him and engage him in positive interactions, which worked temporarily but he then returned to making himself gag. Due to [REDACTED] inability to stop his self-injurious behavior, the visit was ended approximately ten minutes after it started. Mr. Liu was appropriate during the interaction, expressing concern about his son's behavior and noted afterward that he felt his son's mother had influenced his behavior and made him act in such a way. Mr. Liu was not supportive of ending the visit but allowed this writer to do so based on the fact that the child was hurting himself in an unnecessary way during the session.

When [REDACTED] was returned to his mother and grandmother he stopped forcing himself to gag; however, any time this writer inquired whether he wanted to try to play again or suggested maybe he come back another day he began to make choking noises again. This writer inquired about whether [REDACTED] reacts this way in other scenarios where he is temporarily being separated from his mother and his mother reported "no." During the previous visit at CFS [REDACTED] had not exhibited this behavior and had no issue transitioning to and from the visiting room. It appears a negative association with the CFS office has been developed following that visit. This writer observed that Ms. Zeng and her mother were extremely hyper-vigilant during transitions, continually questioning [REDACTED] "are you ok?" or "did he do something to you?" further increasing the child's anxiety and apparently suggesting to him that there was some risk associated with participating in the visit. This writer authorized Ms. Zeng to leave and requested they be in touch about trying a visit again in the near future. During this writer's exchange with Ms. Zeng after the visit, Mr. Liu came to the agency waiting area window to request the use of the bathroom key while this writer was speaking with Ms. Zeng in the waiting area. This writer had to remind Mr. Liu not to come to the window while the other parent was present and was asked to wait for this writer's attention till after she was done facilitating the transition. The parents had no verbal exchange during this moment but could have potentially seen each other through the window.

This writer texted Ms. Zeng after the visit about rescheduling and she reported she would get back to this writer with a proposed date and time. A few days after the problematic visit this writer was contacted by ACS. They reported that Ms. Zeng had filed a claim that her son was beaten by his father during the visit at the CFS office on December 23, 2016. This writer accurately relayed the events of the visit for the ACS

2

worker, noting that no physical violence had been inflicted on the child during the supervised visit. This writer noted that the only potentially harmful behavior had been exhibited was by ~~C.C.~~, as he tried to make himself purge on multiple occasions. After the ACS investigation began, Mr. Liu sent out an email to ACS officials, state officials, and CFS staff reporting that this writer had made a false claim about his treatment of his child. Additionally on this email chain were emails sent to government officials by Mr. Liu about his concerns regarding Chinese spies being sent to the United States to follow him. He later sent a subsequent email noting he had not been aware that this writer was not affiliated with ACS and had wrongly accused this writer of making a false allegation against him. The above-mentioned emails are available to be provided to the Court if so directed.

The ongoing child protective allegations made by both parents associated with this case are of concern as they impact the child's emotional and physical stability. It is clear that ~~C.C.~~ has developed a negative association with CFS and supervised visitation, despite the agency's goal of being a safe and comfortable place for him to frequent. Ms. Zeng's behavior indicates that she is not supportive of visitation and her son's behavior in response to visits is extremely concerning and not developmentally appropriate. The increased paranoia and conflict between parents continues to make the communication with them extremely difficult. Also, the parental conflict and preoccupation with creating disparaging perceptions of the other parent interferes with this agency's ability to ensure safety and positivity during supervised time. CFS has no information about any mental health services either parent is currently receiving; however, given each parents presentation during this process and behavior exhibited during visits and outside of visits it appears additional mental health services would be beneficial. In addition, Geneva Worldwide has notified CFS that they will no longer be working with any 722 (c), and therefore they have refused to further assist and interpret for this particular case.

CFS is available to provide continued services if deemed appropriate by the Court.

Respectfully submitted,

*Kristen Hartman, LMSW*

Kristen Hartman, LMSW
Forensic Social Worker
Comprehensive Family Services

Exhibit G

GF18Temp

At a term of the Supreme Court of the State
of New York, held in and for the County of
Queens, at 125-01 Queens Blvd., Kew
Gardens, NY 11415, on June 8, 2017

PRESENT:     Hon. Elisa S. Koenderman

In the Matter of a **Custody/Visitation** Proceeding

**Xiamin Zeng,**

  Petitioner,

 - against -

**Gang Liu,**

  Respondent.

File #:  2327
Docket #: V-00005-14
    V-00286-13

**TEMPORARY ORDER OF
VISITATION**

  Xiamin Zeng having filed a petition on January 30, 2014, pursuant to Article 6 of the Family Court Act,
requesting an order awarding custody of the following minor child(ren):

Name *L.L.*      Date of Birth

           5/9/2012

  And the matter having duly come on to be heard before this Court;

  And the Court having searched the statewide registry of orders of protection, the sex offender registry and
the Family Court's child protective records, and having notified the attorneys for the parties and for the child and the
following self-represented party of the results of these searches;

  And the Court having considered and relied upon the following results of these searches in making this
decision; .

  NOW, it is hereby

  ORDERED that the Mother, Xiamin Zeng is to produce the subject child, Longman Liu (DOB 5/9/12) for
scheduled visits at CFS. The visits shall be arranged between CFS and the parties. The Mother is directed to produce
the child for the visits and then return when the visits are completed. **It is further ordered that the Mother, Xiamin
Zeng, and the Maternal Grandmother leave the building for the duration of the visits.**

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE
TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE
DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER
SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS
EARLIEST.

Dated: June 8th, 2017      **ENTER**

              Hon. Elisa S. Koenderman

Check applicable box:
☐ Order mailed on [specify date(s) and to whom mailed]:_____
☐ Order received in court on [specify date(s) and to whom given]:_____