AW-1019
SGC/jc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
XIAMIN ZENG,

                                    Civil Action No. 17-CV-9988(JMF)

        Plaintiff,

                                  **VERIFIED ANSWER**

   -against-

DANA AUGUSTIN, PAULA PATCH,
and KRISTEN HARTMAN,

        Defendants.
-------------------------------X

    Defendant, KRISTEN HARTMAN, by her attorneys, FUMUSO, KELLY, SWART, FARRELL, POLIN & CHRISTESEN, LLP as and for her Verified Answer to the Verified Complaint of the plaintiff herein, respectfully alleges upon information and belief as follows:

                  ANSWERING THE FIRST CAUSE OF ACTION:

    1.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "2", "6", "8", "9", "10", "11", "12", "13", "14", "15", "16", "18", "19", "20", "21", "22", "23", "25", "26", "27" and "28" of the plaintiff's Verified Complaint.

    2.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered and designated "3", "5" and "7" of the plaintiff's Verified Complaint and respectfully submits all questions of fact and law to this Honorable Court.

3. Denies each and every allegation contained in paragraph numbered and designated "4" of the plaintiff's Verified Complaint.

4. Denies each and every allegation contained in paragraph numbered and designated "17" of the plaintiff's Verified Complaint, except admits KRISTEN HARTMAN authored a report, a redacted copy of which is annexed to the Complaint as Exhibit **"F"**.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's Complaint, such injuries and/or damages were sustained by said plaintiff in whole or in part by reason of the carelessness, recklessness, negligence and/or negligent act of omission or commission of the culpable conduct and of said plaintiff and defendant pleads such culpable conduct and acts of negligence in diminution of damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. That all the risks and dangers connected with the situation at the time and place mentioned in the Complaint were open, obvious and apparent, and were known to and assumed by the plaintiff herein.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. That if the plaintiff recovers herein against two or more tort-feasors jointly liable and/or if the culpable conduct of any person not a party to this action is considered in

determining any equitable share herein and if this answering defendant's liability is 50 percent or less of the total liability assigned, then this answering defendant's liability for non-economic loss shall not exceed the equitable share as determined by this answering defendant's percentage of liability for non-economic loss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8.   That the within action(s) are barred by the applicable Statute of Limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9.   That this action is barred by the doctrines of qualified and/or absolute quasi-governmental immunity for discretionary acts.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10.   That the defendant(s) is not liable on the basis that the alleged statements were privileged.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11.   That all statements allegedly made by defendant(s) are and were true.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12.   That all statements allegedly made by defendant(s) were truthful reports of public proceedings.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13.   That all statements allegedly made by defendant(s) constituted fair comment.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

14. That all statements allegedly made by defendant(s) were fair reports of judicial proceedings.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

15. That the Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

16. That the Complaint fails to set forth facts sufficient to constitute deprivation of any constitutional right or other basis for a civil rights action.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

17. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendant(s) or otherwise authorized or ratified a deprivation of plaintiff(s) constitutional rights.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

18. That no custom or usage adopted, followed, endorsed or ratified by defendant(s) authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

19. That defendant's actions, if any, were justified by the facts and circumstances presented.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

20. That the substance of any communication, if any, made by the defendant(s) and/or their agents are and were true.

### **AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

21. That the defendant, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

22. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials or its agents.

23. That defendants at all times acted in good faith in that they were exercising and acting within their statutory and constitutional powers.

24. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State Immunity,

### **AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

25. That the substance of any communications, if any, made by the defendant(s) and/or their agents are and were absolutely privileged.

### **AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

26. That plaintiff's Complaint fails to set forth the required elements of a due process constitutional violation.

### **AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

27. All actions involving XIAMIN ZENG were taken pursuant to valid Court Order.

WHEREFORE, defendant demands judgment dismissing the plaintiff's Verified Complaint herein, together with the costs and disbursements of this action.

Dated:  Hauppauge, New York
        April 23, 2018

                                        Yours, etc.,

                                        FUMUSO, KELLY, SWART, FARRELL,
                                        POLIN & CHRISTESEN, LLP

                                        By:_____
                                             SCOTT G. CHRISTESEN
                                        Attorneys for Defendant
                                        **KRISTEN HARTMAN**
                                        110 Marcus Boulevard
                                        Hauppauge, New York 11788-3704
                                        (631) 232-0200

To: XIAMIN ZENG
    Plaintiff Pro Se
    110 Columbia Street
    Apartment 1A
    New York, New York 10002

    DANA AUGUSTIN
    Child Protective Services
    150 William Street
    New York, New York 10038

    PAULA PATCH
    Child Protective Services
    150 William Street
    New York, New York 10038