UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
XIAMIN ZENG,                                                  :
                                                              :
                                                              :
                                Plaintiff,                    :    17-CV-9988 (JMF)
                                                              :
            -v-                                               :    MEMORANDUM OPINION
                                                              :         AND ORDER
DANA AUGUSTIN, PAULA PARKS, and KRISTEN                       :
HARTMAN,                                                      :
                                                              :
                                Defendants.                   :
                                                              :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Xiamin Zeng, proceeding without counsel, brings claims against Dana Augustin and Paula Parks, two social workers employed by the New York City Administration of Children's Services ("ACS"), and Kristen Hartman, an employee of Comprehensive Family Services ("CFS"), arising out of a child abuse investigation conducted by ACS in which Defendants participated. Zeng claims that one or more Defendants threatened to complete negative reports about her, failed to properly supervise her son during a visitation at CFS, refused to provide her with language translation services during the investigation, and interfered with ongoing police and Family Court proceedings. She appears to bring claims, pursuant to 42 U.S.C. § 1983, for violations of her rights to substantive and procedural due process, as well as claims pursuant to 42 U.S.C. §§ 1985 and 1986.[1] Defendants now move to dismiss.[2]

---

[1] It is not clear whether Zeng brings claims on behalf of her minor son as well. To the extent that she does, however, the claims are dismissed without prejudice because "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61-62 (2d Cir. 1990). Zeng is not represented by counsel and there is no basis to appoint counsel.

[2] Defendants Augustin and Parks move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Docket No. 28, at 1. Because Defendant Hartman filed an answer

The Court is required to construe Zeng's pleadings liberally. *See, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, Defendants' motions are granted because Zeng's federal claims are borderline frivolous. First, Zeng cannot maintain a due process claim because, among other things, she was never deprived of custody of her son. *See, e.g.*, *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275-76 (2d Cir. 2011) ("Where there is no actual loss of custody, no substantive due process claim can lie."); *Frazier v. Williams*, No. 15-CV-6531 (KAM), 2016 WL 2644897, at *3 (E.D.N.Y. May 9, 2016) ("Where a state actor has not removed a child from a parent's custody . . . , there has been no deprivation entitling a parent to procedural due process."); *accord Daniels v. Murphy*, No. 06-CV-5841 (JFB), 2007 WL 1965303, at *4 (E.D.N.Y. July 2, 2007). Second, although she makes passing reference to Sections 1985 and 1986 in her request for relief, Zeng alleges no facts whatsoever to support claims under those provisions. In particular, Zeng alleges no facts that plausibly support an inference that Defendants were "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus," as she must to support claims under both Section 1985 and Section 1986. *See, e.g.*, *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087-88 (2d Cir. 1993) (internal quotation marks omitted). Indeed, she does not even allege her own race. *Cf. Frazier*, 2016 WL 2644897, at *3 (dismissing a claim of racial discrimination under Section 1983 on the ground that the plaintiff had "stated no facts in her complaint that would

---

before filing a motion, *see* Docket Nos. 18, 33, she moves for judgment on the pleadings pursuant to Rule 12(c). *See* Docket No. 34, at 2. (That Hartman refers to the motion as a "motion to dismiss" is of no consequence because "non-waivable defenses under Rule 12(h) that [are] styled as arising under Rule 12(b) but [] filed after the close of pleadings should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).) The Court, however, can evaluate the motions together because the relevant standards are "identical." *Id.*; *see also Sewell v. Bernardin*, 795 F.3d 337, 339 n.3 (2d Cir. 2015).

even remotely support the viability of a racial discrimination claim" and noting that she had "not even stated her own race"). Accordingly, all of Zeng's federal claims fail as a matter of law.

The failure of Zeng's federal claims leaves two matters. First, the Court declines to grant Zeng leave *sua sponte* to amend her federal claims. Zeng was previously granted leave to amend to cure the deficiencies raised in Defendants' motions to dismiss, and was explicitly cautioned that she "w[ould] not be given any further opportunity to amend the complaint to address issues raised by the motion[s]." Docket No. 31; *see* Docket No. 38. Additionally, the problems with Zeng's due process claims are substantive and cannot be cured through amendment. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that a district court may deny leave to amend when amendment would be futile because the problems with the plaintiff's claims are "substantive" and "better pleading will not cure" them). And finally, Zeng "has not requested permission to file [an amended complaint], nor has [s]he given any indication that [s]he is in possession of facts that would cure the problems identified in this opinion." *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014). Second, to the extent that Zeng alleges state-law claims (it is somewhat unclear whether she actually does), the Court declines to exercise supplemental jurisdiction over them. Although the Court has discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367, it is well established that, "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998). Here, there is no basis to depart from that general rule given, among other things, the relatively early stage of the case.

Accordingly, Zeng's Complaint is DISMISSED in its entirety. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order

would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate Docket Nos. 27 and 33, to mail a copy of this Memorandum Opinion and Order to Zeng, and to close the case.

SO ORDERED.

Dated: March 20, 2019
New York, New York

JESSE M. FURMAN
United States District Judge